UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00187-JAW-1 |
| | ) | |
| RAYEVON DESCHAMBAULT | ) | |

**ORDER ON DEFENDANT'S INTERSTATE COMMERCE MOTION**

A defendant moves to dismiss an indictment for sexual exploitation of a child on the ground that the indictment violates the Commerce Clause of the United States Constitution. The Court rejects the facial constitutional challenge because the indictment expressly alleges that in sexually exploiting the child, the defendant used materials shipped and transported in and affecting interstate and foreign commerce. The Court also rejects the as applied constitutional challenge because it would require the Court to find facts on "the general issue" in violation of Federal Rule of Criminal Procedure 12(b)(2) and the right to trial by jury.

**I.   BACKGROUND**

On October 11, 2019, a federal grand jury indicted Rayevon Deschambault for two counts of sexual exploitation of a child, an alleged violation of 18 U.S.C. § 2251(a), one on August 13, 2019 and the other on August 14, 2019. *Indictment* (ECF No. 1). But for the dates, the counts are identical:

> On about August 13, 2019, in the District of Maine, the defendant,
>
> **RAYEVON DESCHAMBAULT**
>
> used a minor, Victim #1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials

> that had been shipped and transported in and affecting interstate and foreign commerce.
>
> Thus, the defendant violated 18 U.S.C. § 2251(a) and (e).

*Id.*

On February 21, 2020, Mr. Deschambault filed a motion to dismiss the indictment based on his allegation that there is an insufficient nexus to interstate commerce to justify the indictment. *Mot. to Dismiss Re: Interstate Commerce Juris.* at 1 (ECF No. 43). Mr. Deschambault noted he had filed three separate motions to suppress evidence in his case and he requested that the Court allow him to file a memorandum in support of the motion to dismiss within twenty-one days of the Court's issuing decisions on the motions to suppress. *Id.* On March 9, 2020, the Court granted Mr. Deschambault's motion to extend time and ordered his memorandum due within twenty-one days of the Court's decision on the pending motions to suppress. *Order* (ECF No. 46).

On September 21, 2020, the Court issued orders on the motions to suppress. *Order on Mot. for* Franks *Hr'g and Mots. to Suppress* (ECF No. 60). On October 12, 2020, Mr. Deschambault moved to extend the time for filing a memorandum on his February 21, 2020 motion to dismiss. *Mot. for Extension of Time to File Mem. i[n] Support of Mots. to Dismiss* (ECF No. 63). The Court granted the motion for extension on October 13, 2020. *Order* (ECF No. 64). On November 12, 2020, Mr. Deschambault filed a memorandum in support of his motion to dismiss. *Mem. in Support of Mot. to Dismiss Re: Interstate Commerce Juris.* (ECF No. 69) (*Def.'s Mem.*). On December 11, 2020, the Government responded to Mr.

Deschambault's motion to dismiss. *Gov't's Resp. to Def.'s Mot. to Dismiss Re: Interstate Commerce Juris.* (ECF No. 73) (*Gov't's Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Rayevon Deschambault's Memorandum

In his memorandum, Mr. Deschambault claims that federal criminal jurisdiction in his case based on interstate commerce "so expands and distorts the concept of this jurisdiction as to be virtually unrecognizable relative to both original intent under the United States Constitution and the underlying bases accepted by the United States Supreme Court over the last century." *Def.'s Mem.* at 1. Mr. Deschambault explains that the videos were created "during the course of sexual activity with a cell phone camera hand-held by Defendant. There was no camera set-up, no rehearsal, no discussion of filming, and critically no distribution of this video whatsoever, which remained on Defendant's cellphone until the phone was seized and searched by law enforcement officials." *Id.* Mr. Deschambault writes that the "'child' involved is a socially-active teenager involved in relationships with multiple individuals both minors and adults." *Id.* He describes himself as "an immature 23 year old involved with a 20 year old female along with the minor and he was active in the same social circles as the minor victim." *Id.* at 1-2.

Mr. Deschambault acknowledges that "[o]rdinarily, Commerce Clause challenges must be addressed after trial, especially when relying on 'as applied' to this Defendant." *Id.* at 2 (citing *United States v. Poulin*, 588 F. Supp. 2d 58, 60 (D.

3

Me. 2008)). However, he says that "where the essential facts are uncontroverted, pretrial ruling may be appropriate." *Id.* (citing *Poulin*, 588 F. Supp. 2d at 60).

### B. The Government's Opposition

In its opposition, the Government analyzes *Poulin* and concludes that Federal Rule of Criminal Procedure 12(b)(2) requires the Court to dismiss the motion to dismiss because the motion "relie[s] on facts not alleged in the Indictment and those facts constitutionally require resolution by a jury." *Gov't's Opp'n* at 2 (quoting *Poulin*, 588 F. Supp. 2d at 61). Here, the Government contends that because Mr. Poulin's motion "relies on bare assertions about the relationship between the parties, their levels of emotional maturity and various other facts and circumstances surround the creation of the violation," which are "not free of dispute," the Court should dismiss the motion without prejudice. *Id.*

Next, the Government says that if the Court reached the merits of the issue Mr. Deschambault has presented, it should deny his motion to dismiss. *Id.* at 2-5. The Government distinguishes the First Circuit's holding in *United States v. Morales-De Jesús*, 372 F.3d 6 (1st Cir. 2004) and the Government argues that the facts as alleged by Mr. Deschambault are distinct from the narrow set of facts in *Morales- De Jesús*. *Gov't's Opp'n* at 2-5.

### III. DISCUSSION

The Court views Mr. Deschambault's motion to dismiss on interstate commerce clause grounds as similar to the motion to dismiss in *Poulin*. In *Poulin*, as in Mr. Deschambault's case, the prosecution was initiated by a grand jury indictment and,

4

as such, the grand jury was "carrying out a constitutional function enshrined in the Bill of Rights." *Poulin*, 588 F. Supp. 2d at 60 (citing U.S. CONST. amend. V). "Unlike civil actions, a criminal action, particularly one initiated by indictment, is not generally subject to dispositive pretrial motion practice." *Id.* To reach a legal issue presented by a motion to dismiss an indictment, Federal Rule of Criminal Procedure 12(b)(2) requires that "the court must be able to determine the defense, objection, or request 'without a trial of the general issue.'" *Id.* (quoting FED. R. CRIM. P. 12(b)(2)).

In *Poulin*, the Court discussed the United States Supreme Court case of *United States v. Covington*, 395 U.S. 57 (1969). In *Covington*, the Supreme Court wrote that a defense is capable of determination without a trial of the general issue "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* at 60; *see United States v. Levesque*, 681 F.2d 75, 78 (1st Cir. 1982) (concluding, in a case where federal jurisdiction depended on situs, that situs was "a jurisdictional fact susceptible of determination without reference to any of the facts involved in determining defendants' guilt or innocence"). "Accordingly, 'when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial.'" *Poulin*, 588 F. Supp. 2d at 61 (quoting *United States v. Russell*, 919 F.2d 795, 797 (1st Cir. 1990)).

To rule on a motion to dismiss, "the allegations of the indictment must be taken as true." *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Bohai Trading Co.*, 45 F.3d 577, 578 n.1 (1st Cir. 1995); *see United*

*States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986) (in ruling on a motion to dismiss an indictment on statute of limitations ground, a court must accept as true "the allegations in the indictment and the unchallenged statement of proof of the prosecutor"). The further constitutional underpinning of Rule 12(b)(2) and *Covington* is that if the Court relies on facts not set forth in the indictment, it would impinge upon the constitutional right to trial by jury, since it would "ask the Court to determine factual issues typically reserved for the jury." *United States v. Szpyt*, 584 F. Supp. 2d 268, 271 (D. Me. 2008).

Here, the indictment alleges that in committing the offenses in Counts One and Two, Mr. Deschambault "us[ed] materials that had been shipped and transported in and affecting interstate and foreign commerce." *Indictment* at 1. If the Court accepts as true the indictment's allegation concerning interstate commerce, Mr. Deschambault's motion would fall of its own weight. Thus, to the extent Mr. Deschambault challenges the facial constitutionality of 18 U.S.C. § 2251(a), *see Def.'s Mot.* at 1 ("Defendant challenges the constitutionality of the statute both facially and as applied in this case"), his challenge must fail because the indictment alleges a nexus between his conduct and interstate commerce. Moreover, his argument is barred by First Circuit precedent to which this Court owes fealty. In *Morales-DeJesús*, after an extended discussion, the First Circuit a held that 18 U.S.C. § 2251(a) is facially valid. *Morales-De Jesús*, 372 F.3d at 17 ("We conclude, therefore, that § 2251(a) reaches intrastate activity that substantially affects the interstate child pornography market. It is a facially valid exercise of Congress's Commerce

Clause power"); *United States v. Poulin*, 631 F.3d 17, 20-21 (1st Cir.2011). To challenge First Circuit precedent on facial unconstitutionality, Mr. Deschambault must make his argument to the First Circuit, not this Court.

The main thrust of Mr. Deschambault's motion is that the statute is unconstitutional as applied to him and as applied to the underlying facts. Specifically, Mr. Deschambault challenges the indictment by asserting that (1) the "videos were created during the course of the sexual activity with a cell phone camera hand-held by Defendant," (2) there was "no camera set-up, no rehearsal, no discussion of filming, and critically no distribution of this video whatsoever, which remained on Defendant's cellphone until the phone was seized and searched by law enforcement officials," (3) that "the 'child' involved is a socially-active teenager involved in relationships with multiple individuals both minors and adults," and (4) that Mr. Deschambault was "an immature 23 year old involved with a 20 year old female along with the minor and he was active in the same social circles as the minor victim." *Def.'s Mem.* at 1-2.

It is true that the First Circuit "left open the possibility for future as-applied Commerce Clause challenges to § 2251(a), particularly if the circumstances involved did not implicate child exploitation." *Poulin*, 631 F.3d at 20. The First Circuit explained that "[r]elevant factors may include 'the age of the minor, the relationship between the defendant and the minor, the nature of the allegedly sexually explicit conduct, and the nature of the visual depiction of that conduct.'" *Id.* (quoting *Morales-De Jesús*, 372 F.3d at 18). The problem is that none of these relevant facts is

7

contained in the indictment; they appear only as argument in counsel's memorandum. The Court is unable to reach Mr. Deschambault's as applied challenge, which is bottomed on facts, on a motion to dismiss the indictment.

Again, the Court must take the allegations in the indictment—that Mr. Deschambault's conduct affected interstate commerce—as true. As in *Poulin*, Mr. Deschambault's asserted facts run far beyond what is alleged in the indictment and their resolution would be "intertwined with the issues on the merits." *Poulin*, 588 F. Supp. 2d at 61. To prevail on his as applied Commerce Clause challenge, Mr. Deschambault would need to prove facts showing that his conduct fell outside Congress' regulatory power under the Commerce Clause. At a basic level, the Court could not rule in Mr. Deschambault's favor without finding facts about the circumstances surrounding the videotaping, the female's age, Mr. Deschambault's age, his level of sophistication, the female's social circle, more specificity about her relationship with Mr. Deschambault, the relevance and the nature of his and her relationship with his adult girlfriend, why he created these videotapes, and what he did with the videotapes after he created them. All these factual issues go to the heart of "a trial on the general issue," FED. R. CRIM. P. 12(b)(2), and the Court may not resolve them without impinging on the right to trial by jury.

On this narrow point, Mr. Deschambault can draw no comfort from *Morales-De Jesús* because the First Circuit was not addressing a motion to dismiss the indictment. Instead, the First Circuit was dealing with a case where a defendant has been convicted after a jury trial. 372 F.3d at 7-8 ("Elvin Tomas Morales-De Jesus

was convicted by a jury of violating 18 U.S.C. § 2251(a) for using materials mailed, shipped, and transported in interstate or foreign commerce to produce a video recording of his sexually explicit encounters with a minor").

In short, because Mr. Deschambault's motion requires the Court to be a factfinder to rule in his favor, the Court must dismiss his motion to dismiss. However, the Court does so without prejudice so that, if he is convicted by a jury, Mr. Deschambault will be free to reinitiate his contentions post-trial by appropriate motion.

## IV. CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion to Dismiss Re: Interstate Commerce Jurisdiction (ECF No. 43).

SO ORDERED.

/s/ John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2021.