UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00187-JAW-1 |
| | ) | |
| RAYEVON DESCHAMBAULT | ) | |

**ORDER ON DEFENDANT'S PURPOSE MOTION**

A defendant moves to dismiss an indictment for sexual exploitation of a child on the ground that the evidence underlying the indictment cannot establish that the defendant videotaped his sexual encounter for the purpose of producing child pornography. The Court rejects the defendant's argument because in order to dismiss the indictment on this basis, the Court would be required to find facts on "the general issue" in violation of Federal Rule of Criminal Procedure 12(b)(2) and the right to trial by jury.

**I.   BACKGROUND**

On October 11, 2019, a federal grand jury indicted Rayevon Deschambault for two counts of sexual exploitation of a child, an alleged violation of 18 U.S.C. § 2251(a), one on August 13, 2019 and the other on August 14, 2019. *Indictment* (ECF No. 1). But for the dates, the counts are identical:

On about August 13, 2019, in the District of Maine, the defendant,

**RAYEVON DESCHAMBAULT**

used a minor, Victim #1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been shipped and transported in and affecting interstate and foreign commerce.

Thus, the defendant violated 18 U.S.C. § 2251(a) and (e).

On February 21, 2020, Mr. Deschambault filed a motion to dismiss the indictment based on his contention that there was no allegation he intended to produce child pornography and that the sexual acts alleged did not involve filming such acts with the purpose of producing child pornography. *Mot. to Dismiss Re: Purpose* at 1 (ECF No. 44). Mr. Deschambault noted that he had filed three separate motions to suppress evidence in his case and he requested that the Court allow him to file a memorandum in support of the motion to dismiss within twenty-one days of the Court's issuing decisions on the motions to suppress. *Id.* On March 9, 2020, the Court granted Mr. Deschambault's motion to extend time and ordered his memorandum due within twenty-one days of the Court's decision on the pending motions to suppress. *Order* (ECF No. 46).

On September 21, 2020, the Court issued orders on the motions to suppress. *Order on Mot. for* Franks *Hr'g and Mots. to Suppress* (ECF No. 60). On October 12, 2020, Mr. Deschambault moved to extend the time for filing his memorandum on his February 21, 2020 motion to dismiss. *Mot. for Extension of Time to File Mem. i[n] Support of Mots. to Dismiss* (ECF No. 63). The Court granted the motion for extension on October 13, 2020. *Order* (ECF No. 64). On November 12, 2020, Mr. Deschambault filed a memorandum in support of his motion to dismiss. *Mem. Re: Mot. to Dismiss Re: Purpose* (ECF No. 68) (*Def.'s Mem.*). On December 11, 2020, the Government responded to Mr. Deschambault's motion to

dismiss.  *Gov't's Resp. to Def.'s Mot. to Dismiss Re: Purpose* (ECF No. 72) (*Gov't's Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   Rayevon Deschambault's Memorandum

In his memorandum, Mr. Deschambault claims that "the evidence the Government has disclosed, including witness statements, does not constitute the required purpose necessary for conviction under this statute, namely that there was no intent to produce child pornography and that the sexual acts alleged did not involve the filming of such acts for the purpose of producing child pornography." *Def.'s Mem.* at 1.  Citing *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015), Mr. Deschambault explains that 18 U.S.C. § 2251(a) "contains a specific intent element: the Government was required to prove that production of a visual depiction was a purpose of engaging in the sexually explicit conduct."  *Id.* (quoting *Palomino-Coronado*, 805 F.3d at 130).  "[A] Defendant must engage in the sexual activity with the specific intent to produce a visual depiction; it is not sufficient to prove that the defendant purposely took a picture."  *Id.* (quoting *Palomino-Coronado*, 805 F.3d at 131).  Mr. Deschambault writes that "[w]hile the Government does not need to prove that production of the visual product was the sole purpose of the sexual activity, it still needs to be a principle factor."  *Id.*

To buttress his argument, Mr. Deschambault quotes *United States v. Torres*, 894 F.3d 305 (D.C. Cir. 2018) for the proposition that "[t]he Government must show that the purpose of producing the visual image was a defendant's dominant motive

3

for using, inducing, or coercing a minor's sexual conduct." *Def.'s Mot.* at 2 (quoting *Torres*, 894 F.3d at 312). Mr. Deschambault observes that the *Torres* Court cited First Circuit caselaw that "illustrate the evidentiary necessity for at least circumstantial evidence establishing the visual production as a dominant motive in the sexual activity." *Id.* For support he cites two First Circuit cases, *United States v. Morales-De Jesús*, 372 F.3d 6, 21 (1st Cir. 2004) and *United States v. Ortiz-Graulau*, 526 F.3d 16, 19 (1st Cir. 2008) and a Second Circuit case, *United States v. Sirois*, 87 F.3d 34, 42 (2d Cir. 1994) as well as *Torres*, 894 F.3d at 311, 312.

Mr. Dechambault turns to his view of the evidence:

> In this case, two basically adolescents (the alleged victim was an experienced 15 year old and the Defendant an emotionally underdeveloped 23 year old) who had been socializing as a threesome with another emotionally-underdeveloped adult, a 20 year old female, engaged in typical youthful sexual behavior which the Defendant happened to record as the activity was underway. There was no discussion of filming, no special video equipment used, and the images never left Defendant's cellphone. The filming in this case was entirely incidental to the sexual activity which both participants willfully engaged in.

*Def.'s Mot.* at 2.

While Mr. Deschambault acknowledges that "evidentiary insufficiency normally has to be challenged at trial," he argues that "where a legally correct jury instruction can not possibly result in a conviction under a mutually understood set of facts there is no reason for a court to wait and expend resources trying a case that it clearly legally insufficient." *Id.* at 3. Mr. Deschambault concedes that if the Government is able to produce evidence that would withstand a motion for judgment of acquittal, "the case must be decided by a jury." *Id.* However, he argues that the

4

"if the inverse proves to be true," the Court "would be fully justified in dismissing this prosecution." *Id.*

### B. The Government's Opposition

The Government first distinguishes Mr. Deschambault's case from the Fourth Circuit's decision in *Palomino-Coronado*. *Gov't's Opp'n* at 1-2. While the Government agrees the *Palomino-Coronado* Court concluded the prosecution lacked the necessary evidence of specific intent to support a conviction under § 2251(a), it highlights the differences in procedural posture between that case and the case at bar. *Id.* at 2. The *Palomino-Coronado* decision followed that defendant's conviction, which carried with it a complete evidentiary record. *Id.* However, as the Government points out, Mr. Deschambault's case has just begun, "[t]he parties are still in motion practice and any trial is still on the horizon . . . [n]o evidence has been introduced and no witnesses have yet been called." *Id.* Without supporting evidence other than assertions contained in Mr. Deschambault's memorandum, the Government reasons that dismissal at this early stage would be improper. *Id.* at 2-3.

Turning next to *Torres*, 894 F.3d 305, and *Morales-De Jesús*, 372 F.3d 6, the Government similarly argues that the question of Mr. Deschambault's intent when producing the videos is for the jury to decide. *Gov't's Opp'n* at 3-4. The Government further contends that the First Circuit's decision in *Ortiz-Graulau*, 526 F.3d 16, "emphasizes the Jury's role in analyzing the evidence to make its [intent] determination . . .." *Id.* at 4 (citing *Ortiz-Graulau*, 526 F.3d at 19). Thus, the Government concludes "the Court should allow the jury that prerogative." *Id.* at 5.

## III.   DISCUSSION

The Court views Mr. Deschambault's motion to dismiss based on his purpose or intent in producing the videos as similar to the motion to dismiss in *Poulin*. *United States v. Poulin*, 588 F. Supp. 2d 58, 60 (D. Me. 2008)).  In *Poulin*, as in Mr. Deschambault's case, the prosecution was initiated by a grand jury indictment and, as such, the grand jury was "carrying out a constitutional function enshrined in the Bill of Rights." *Poulin*, 588 F. Supp. 2d at 60 (citing U.S. CONST. amend. V). "Unlike civil actions, a criminal action, particularly one initiated by indictment, is not generally subject to dispositive pretrial motion practice." *Id.*  To reach a legal issue presented by a motion to dismiss an indictment, Federal Rule of Criminal Procedure 12 requires that "the court must be able to determine the defense, objection or request 'without a trial of the general issue.'"  *Id.* (quoting FED. R. CRIM. P. 12(b)(2)).

In *Poulin*, the Court discussed the United States Supreme Court case of *United States v. Covington*, 395 U.S. 57 (1969).  In *Covington*, the Supreme Court wrote that a defense is capable of determination without a trial of the general issue "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* at 60; *see United States v. Levesque*, 681 F.2d 75, 78 (1st Cir. 1982) (concluding, in a case where federal jurisdiction depended on situs, that situs was "a jurisdictional fact susceptible of determination without reference to any of the facts involved in determining defendants' guilt or innocence"). "Accordingly, 'when a pretrial motion raises a question of fact that is

6

intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial.'" *Poulin*, 588 F. Supp. 2d at 61 (quoting *United States v. Russell*, 919 F.2d 795, 797 (1st Cir. 1990)).

To rule on a motion to dismiss, the "allegations of the indictment must be taken as true." *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Bohai Trading Co.*, 45 F.3d 577, 578 n.1 (1st Cir. 1995); *see United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986) (in ruling on a motion to dismiss an indictment on statute of limitations ground, a court must accept as true "the allegations in the indictment and the unchallenged statement of proof of the prosecutor"). The further constitutional underpinning of Rule 12(b)(2) and *Covington* is that if the Court relies on facts not set forth in the indictment, it would impinge upon the constitutional right to trial by jury, since it would "ask the Court to determine factual issues typically reserved for the jury." *United States v. Szpyt*, 584 F. Supp. 2d 268, 271 (D. Me. 2008).

Here, the indictment alleges that in committing the offenses in Counts One and Two, Mr. Deschambault "used a minor, Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *Indictment* at 1. If the Court accepts the indictment's allegation concerning Mr. Deschambault's purpose in producing the visual depictions, Mr. Deschambault's motion would fall of its own weight, because he does not accept the allegations in the indictment and instead denies them as untrue.

The main thrust of his motion is that there is insufficient evidence of his purpose or intent in making the video to sustain the prosecution. Specifically, Mr. Deschambault challenges the specific intent allegation in the indictment by asserting that (1) the two participants were "basically-adolescents," (2) the female was fifteen-years-old and the male was twenty-three-years-old, (3) the female was "experienced," (4) the male was "emotionally undeveloped," (4) the two participants had been socializing as a threesome with another female, (5) the second female was a twenty-year-old "emotionally-underdeveloped" adult, (6) the videos depicted "typical youthful sexual behavior," (7) the male "happened to record" the sexual activity on his cellphone, (8) the filming was "entirely incidental" to the sexual activity, and (9) both participants willingly engaged in the sexual activity. *Def.'s Mem.* at 2.

These asserted facts run far beyond what is alleged in the indictment and their resolution would be "intertwined with the issues on the merits." *Poulin*, 588 F. Supp. 2d at 61. A critical fact that Mr. Deschambault says is "mutually understood," *Def.'s Mot.* at 3, is his own dominant motive in videotaping sexual activity with the female, a factual finding that is not merely elusive, but fully within the province of a jury to determine. Thus, all these factual issues go to the heart of "a trial on the general issue," FED. R. CRIM. P. 12(b)(2), and the Court may not resolve them without impinging on the right to trial by jury.

Finally, none of the cases Mr. Deschambault cites in support was decided on a motion to dismiss; instead, each defendant was convicted after a jury trial. *See Morales-De Jesús*, 372 F.3d at 7-8 ("Elvin Tomas Morales-De Jesús was convicted by

8

a jury of violating 18 U.S.C. § 2251(a) for using materials mailed, shipped, and transported in interstate or foreign commerce to produce a video recording of his sexually explicit encounters with a minor"); *Palomino-Coronado*, 805 F.3d at 128 ("Anthony Palomino-Coronado was convicted of knowingly, employing, using, persuading, inducing, enticing, or coercing a minor in sexually explicit conduct, for the purpose of producing a visual depiction of that conduct, in violation of 18 U.S.C. § 2251(a)"); *Sirois*, 87 F.3d 34, 36 (1st Cir. 1996) ("Robert Sirois photographed sexual activity involving teenaged boys who had been transported from Connecticut to New York by their grade-school teacher. A jury found his conduct violated 18 U.S.C. § 2251(a) . . .."); *Torres*, 894 F.3d at 307 ("The jury convicted Torres . . ..").

In short, because Mr. Deschambault's motion requires the Court to be a factfinder to rule in his favor, the Court must dismiss his motion to dismiss. However, the Court does so without prejudice so that, if he is convicted by a jury, Mr. Deschambault will be free to reinitiate his contentions post-trial by appropriate motion.

## IV.  CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion to Dismiss Re: Purpose (ECF No. 44).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2021.