UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00187-JAW-1 |
| | ) | |
| RAYEVON DESCHAMBAULT | ) | |

**ORDER ON MOTION IN LIMINE REGARDING TRADE INSCRIPTIONS**

With trial looming in this sexual exploitation of a child and possession of child pornography case, the Government moves in limine to establish the admissibility under Federal Rule of Evidence 902 of an iPhone, which is inscribed with the Apple name and a mark indicating that it was assembled in China. *Gov't's Mot. in Limine Regarding Admissibility of Trade Inscriptions* (ECF No. 161). Specifically, the Government wishes to introduce the inscription as evidence that the visual depictions in the iPhone were "produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce" under 18 U.S.C. § 2251(a) and that the Defendant knowingly possessed material containing images of child pornography "produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce" under 18 U.S.C. § 2252A(a)(5)(B). *Id.* at 2.

In response, Mr. Deschambault concedes that the iPhone and its markings "are admissible evidence on the issue of Interstate Commerce under *United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir. 2014)." *Resp. to USA Mot. in Limine Regarding Admissibility of Trade Inscriptions* at 1 (ECF No. 175). Mr. Deschambault points out

that a jury is not "required to find such evidence determinative on the Interstate Commerce issue;" nevertheless, he recognizes that "the Government is entitled to rely on that evidence should it choose to do so." *Id.*

The Court agrees with the parties. Assuming the Government establishes a proper foundation for the admissibility of the iPhone, the inscription on the iPhone is self-authenticating under Federal Rule of Evidence 902(7), which provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> **(7) Trade Inscriptions and the Like.** An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

FED. R. EVID. 902(7). The First Circuit wrote in *Burdulis* that such inscriptions are admissible because "[c]ommon sense . . . suggests a low probability that someone would stamp "Made in China" on a device made in the United States and presumably marketed here." *Id.* at 263. Furthermore, in *Burdulis*, the First Circuit concluded that the inscription was not only self-authenticating, but also admissible as an exception to the rule against hearsay under Federal Rule of Evidence 807, the so-called residual exception. *Id.* (citing FED. R. EVID. 807(a)).

Based on the Government's motion, the absence of objection by the Defendant, and consistent with First Circuit authority and the Rules of Evidence, the Court GRANTS the Government's Motion in Limine Regarding Admissibility of Trade Inscriptions (ECF No. 161).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2022