UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:19-cr-00187-JAW-1 |
| ) | |
| RAYEVON DESCHAMBAULT ) | |

**ORDER ON AMENDED MOTION TO REDACT TRIAL TRANSCRIPTS**

In compliance with the Child Victims' and Child Witnesses' Rights Act and balancing the right of public access against the victim's right of privacy, the Court grants the government's post-trial motion consented to by the defendant to redact the name of a victim of child sexual exploitation from publicly available trial transcripts, even though the victim testified before a jury using her actual name.

**I.   BACKGROUND**

    **A.   Procedural Background**

On October 11, 2019, a federal grand jury indicted Rayevon Deschambault for two counts of the sexual exploitation of a child, an alleged violation of 18 U.S.C. § 2251(a).[1] *Indictment* (ECF No. 1) (*Indictment*). The case went to trial before a jury on January 18-19, 2023, *Min. Entry* (ECF Nos. 214-15), and on January 19, 2023, the jury returned a verdict of guilty on both counts. *Jury Verdict* (ECF No. 232).

---

[1] On September 22, 2021, a federal grand jury issued a superseding indictment adding a third count, possession of child pornography, an alleged violation of 18 U.S.C. § 2252A(a)(5)(B). *Superseding Indictment* (ECF No. 103). On December 30, 2022, the Government moved to dismiss Count III of the superseding indictment, *Gov't's Mot. for Leave to Dismiss Count Three* (ECF No. 197), and the Court granted the motion on January 3, 2023. *Order* (ECF No. 198). The Government filed a notice of dismissal on the same day. *Notice of Dismissal* (ECF No. 199).

On February 6, 2023, the Government moved to redact the trial transcripts in this case to substitute the minor victim's name with "Victim # 1". *Gov't's Mot. to Substitute Minor Victim's Name in Trial Trs.* (ECF No. 240). On February 7, 2023, the Government filed an amended motion to redact, proposing to redact all references to the minor victim's name in the trial transcripts. *Gov't's Am. Mot. to Redact Minor Victim's Name in Trial Trs.* (ECF No. 241) (*Gov't's Am. Mot.*). In the amended motion, the Government wrote that the Defendant did not object to the motion. *Id.* at 1.

On February 13, 2023, the Court held a conference of counsel, indicating that it was concerned about whether the law permitted the Court to redact the name of a minor victim whose name was publicly revealed during a public trial. *Min. Entry* (ECF No. 243); *Order* (ECF No. 244). The Court ordered the Government to provide authority for its redaction request, particularly where a victim publicly identified herself during trial and after trial sought to redact her name from the public record. *Min. Entry* (ECF No. 243). In the interim, the Court ordered the court reporter to file an unredacted transcript under seal and a redacted one available to the public.[2] *Order* (ECF No. 244). On March 1, 2023, the Government filed a memorandum in support of its motion to redact. *Mem. in Support of Am. Mot. to Redact Trial Trs.* (ECF No. 251) (*Gov't's Mem.*). Mr. Deschambault did not file a memorandum, but, as noted earlier, the Government represented that he did not object to the redaction request.

B.      **Factual Background**

---

[2]      The Government's motion was timely filed in accordance with Judicial Conference Policy. *See* http://www.privacy.uscourts.gov/Policy.htm.

The facts underlying this criminal case involve events in the summer of 2019, when Mr. Deschambault was twenty-three years old. The trial evidence demonstrated that Mr. Deschambault took two cellphone videos of himself having sexual relations with a fourteen-year-old girl. Both sexual videos were admitted into evidence in the case.

Before trial, in accordance with 18 U.S.C. § 3509(d), the Court and the parties, including the Government, were careful not to reveal the victim's name. The indictment listed her as "a minor, Victim #1". *Indictment a*t 1. Although the case was thoroughly litigated with multiple motions and orders, none of the filings revealed the victim's name. At the final pretrial conference on December 13, 2022, the Government noted that the victim was a minor and asked to file a redacted version of the witness list, which the Court allowed, *Tr. of Proceedings, Final Pretrial Conf.* at 16:6-14 (ECF No. 188), and on January 17, 2023, when the Government filed an amended witness list the day before trial, it identified the victim only as "Minor Victim." *Gov't's Witness List (Am.)* at 1 (ECF No. 212).

Although this Judge did not preside over jury selection, the Government states that the victim's name was revealed to prospective jurors during jury voir dire on January 3, 2023. *Gov't's Mem.* at 1.

On January 18, 2023, during the Government's opening statement, the Assistant United States Attorney (AUSA) dramatically revealed the victim's name in open court. After describing the elements of the two counts and the sexual contents of the videos, the AUSA stated:

3

> And finally you will hear evidence of the actual minor in this case. She has a name. Her name is ▮▮▮▮. ▮▮▮▮ was 14 years old.

*Tr. of Proceedings*, *Redacted Trial Tr.* at 44:9-11 (ECF No. 249) (*Trial Tr.*).

During testimony, the Government first elicited the minor victim's name during direct examination of Daniel Townsend, a detective at the Portland Police Department, who investigated the events leading to the federal charges. *Id.* at 84:14-18. The AUSA's questioning suggests that the Government was asking the detective to reveal the victim's name:

> Q. Do you recognize the person depicted in Government Exhibit No. 16?
>
> A. I do.
>
> Q. And who it is?
>
> A. This is a juvenile, her name is ▮▮▮▮.

*Id.*

Later, during the first day of trial, the Government called the minor victim as a witness. *Id.* at 109:5-125:7. The victim, at that point eighteen years old, testified using her real name and gave some very general background information. *Id.* She confirmed her age, gave her date of birth,[3] testified that she was a senior in high school as of the date of her testimony, and stated that as of the date of the videotapes she was just before the ninth grade. *Id.* at 110:23-111:7. She was asked both on direct and cross-examination about her relationship with Mr. Deschambault, including their sexual relationship, and she identified herself as the female in the

---

[3] The Court redacted the minor victim's date of birth pursuant to Federal Rule of Criminal Procedure 49.1(a)(2), and its redaction is not at issue. The victim's date of birth remains redacted.

sexual videos. *Id.* at 112:11-125:3. During closing arguments both the AUSA and defense counsel repeatedly referred to the victim by her name. *See Tr. of Proceedings, Redacted Trial Tr.* at 44:9-11 (ECF No. 250) (*Redacted Trial Tr. II*).

## II.     THE GOVERNMENT'S REDACTION MOTION

In the Government's motion, it explained that it was filing the motion in accordance with the victim's "statutory rights and the wishes of the minor victim." *Gov't's Mem.* at 1. The Government asserted that because the parties did not stipulate to the victim's age or identity, the Government "was put to its burden of proof to establish that the victim named in the indictment was in fact a real person under the age of 18." *Id.* Therefore, the Government wrote, "after consultation with the victim and counsel, the Government utilized the victim's real name and date of birth at trial." *Id.* The Government contended that using the victim's "name and date of birth to prove an essential element should not have the effect of preventing the victim from receiving the post-trial protections of transcript redaction." *Id.*

In its memorandum, the Government recited the familiar statutory and caselaw protections of the identity of minor victims. *Id.* at 1-4. The Government noted that the "victim's name was heard only by the people in the courtroom at the time of trial and during jury selection, but unredacted transcripts would expose her name to the general public and be in conflict with section 3509 and the Crime Victims' Rights Act." *Id.* at 4. At the same time, the Government affirmed that it was unaware of any post-trial threats against the victim. *Id.* at 4 n.3.

## III.  DISCUSSION

The Child Victims' and Child Witnesses' Rights Act "protects children under the age of eighteen who are or are alleged to be 'victim[s] of a crime of physical abuse, sexual abuse, or exploitation.'" *United States v. Putillion*, No. 18-cr-00186, 2018 U.S. Dist. LEXIS 179259, at *3 (S.D.W.V. Oct. 18, 2018) (quoting 18 U.S.C. § 3509(a)(2)(A)). On January 9, 2023, a jury convicted Mr. Deschambault of two counts of sexual exploitation of a child, violations of 18 U.S.C. § 18 U.S.C. § 2251(a). *See Jury Verdict Form* (ECF No. 232). As such, the statutory protections of § 3509(d) apply to the victim here.

The Court agrees with the Government that the victim's current age of 18 does not matter. Because she was fourteen when Mr. Deschambault committed these crimes, she is entitled to the protections of § 3509(d). *Doe v. Menefee*, 391 F.3d 147, 151 n.4 (2d Cir. 2004) ("The surnames of all victims who were minors at the time of the events in question have been redacted throughout this litigation in order to protect the victims' privacy"); *United States v. Weber*, No. CR-17-5033-JLV, 2020 U.S. Dist. LEXIS 168713, *3-4 (D.S.D. Sept. 15, 2020) ("Adult witnesses who were child victims are entitled to have their identity protected") (collecting cases).

What makes this situation unusual is that the Government presented the victim's name in open court without restriction and thus made the victim's name a matter of public record, and now seeks to restrict public access to public information. When the Government filed its original motion for redaction, the Court raised this issue – whether the Court could or should restrict public access to public information

6

– and urged the Government to address this narrow issue in its memorandum. However, although the Government discussed the strong salutary policies underlying confidentiality protections for victims of sexual crimes, it did not cite any caselaw addressing the narrow issue before the Court. Moreover, as Mr. Deschambault does not object to the Government's motion, the Court has not benefitted from the point-counterpoint of adversarial filings.

In its research, the Court has been unable to find a case addressing exactly this situation. In *Weber*, 2020 U.S. Dist. LEXIS 168713, at *1-4, a district judge granted a redaction motion to protect the identities of victims who were minors when victimized, but who testified as adults at trial. The adult victims testified at trial using their first names only. *Id.* at *3. However, the district court observed that it was "required to use each of the alleged victim's full names when reading the instructions to the jury", and the district court directed that "[r]edacted instructions with regard to the alleged victims will be filed publicly." *Id.* Although the *Weber* court did not address a situation where the victim affirmatively waived confidentiality before the jury and testified in her own name, *Weber* is some authority for the proposition that otherwise confidential information may be redacted post-trial from the public record.

From the Court's perspective, there are two main issues from retroactive redaction in this case. The first is what the First Circuit discussed in *United States v. Anderson*, 139 F.3d 291 (1st Cir. 1998), namely bolstering of the victim's testimony. In his opening statement, the AUSA dramatically revealed the victim's name. *Trial*

7

*Tr.* 44:9-11 ("And finally you will hear evidence of the actual minor in this case. She has a name. Her name is ▬▬. ▬▬ was 14 years old"). Saving the disclosure of the victim's name until near the end of the opening statement increased its impact.

The Court assumes that jurors are generally aware that victims of sex crimes often testify under pseudonyms or using only their first names. Jurors might well view the willingness of a victim to waive her right of privacy and testify publicly and openly without restriction as a mark of courage, enhancing credibility. If the jury had been aware that the victim was restricting the public nature of her testimony to the courtroom, this may have had some impact on the jury's credibility assessment. Also, the victim's willingness to be so open may have enhanced the jury's sense of empathy and its perceived need to issue a verdict to redress her victimization.

Here, however, the Court does not perceive credibility to be a significant issue in this case, because the victim's credibility was never at issue. There was never a question as to whether Mr. Deschambault took two explicit videos of his sexual acts with this victim and whether she was fourteen when he took them. Her facial features are clearly visible in both videos, and her age when they were taken was never questioned. Although the jury may have been influenced to some extent by the victim's forthright revelation of her name, the Government's case against Mr. Deschambault was so strong that any untoward impact is merely speculative. Moreover, other than its references in the opening statement, the Government never actively bolstered the victim's testimony by arguing that she should be believed because she was courageous in testifying under her real name.

The second issue is the right of public access.  In *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), the First Circuit made it clear that the right of public access applies to judicial records in criminal proceedings.  *Id.* at 54.  The facts in this case present a novel question: whether a victim's name may be retroactively redacted from a publicly available transcript when she testified without reservation at a public trial under her real name.  However, even if an unredacted transcript were presumptively public, a court must still "carefully balance the competing interests that are at stake in that particular case."  *Seidle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998).  In *Kravetz*, the First Circuit observed that "privacy rights of participants . . . are among the interests which, in appropriate cases, can limit the presumptive right of public access to judicial records."  706 F.3d at 62.

It would have been preferable if the Government had raised this issue before trial and obtained a court order.  Section 3509(d)(3) provides for a statutory procedure to obtain prior judicial approval of the handling of the victim's name.  The statute allows for orders "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."  § 3509(d)(3)(A).  The statute empowers a court to "provide for any . . . measures that may be necessary to protect the privacy of the child."  § 3509(d)(3)(B)(ii).  *See Putillion*, 2018 U.S. Dist. LEXIS 179259, at *1-10 (ruling on a § 3509(d) motion for protective order).

The Court does not suggest that it is necessary for the Government to seek a protective order in every case, particularly where the victim is testifying under a first name or pseudonym, and the Court has elsewhere acknowledged that a victims may choose to proceed in legal matters with their own names. *See Wadsworth v. Me. Sch. Admin. Dist. 40*, No. 2:19-cv-00577-JAW, 2023 U.S. Dist. LEXIS 45974, at *2 n.2 (D. Me. Mar. 20, 2023). What makes this case different is the decision to testify publicly and later to request redaction. The statute is available to allow the Court to issue protective orders, if appropriate, having balanced the need for victim confidentiality against other interests. Once filed, the Court could make certain that any representations — express or implied — about the significance of the victim's waiver of confidentiality hew carefully to the extent of the waiver. The record does not reveal the sequence here: whether when the victim elected to testify under her own name, she had looked ahead and decided to ask the Court to redact any transcripts, or whether she made the decision a step at a time, requesting redaction only after trial when the transcripts were ordered. But if a § 3509(d)(3) motion had been made before trial, the Court and the parties could have explored these matters.

In weighing these interests retrospectively, it is significant that Mr. Deschambault is not opposing the Government's motion. Mr. Deschambault has made no argument that the Government's requested redactions affected his Sixth Amendment right to an effective cross-examination, *compare Anderson*, 139 F.3d at 301-02, or otherwise affected his right to a fair trial.

10

Even so, the Court is not convinced that the Government's rationale for disclosing the victim's real name in this case is correct. Here, the Government asserts that because it was required to prove that the victim was a real person under the age of 18 and it maintains that because it was "put to its burden of proof", it was required to present the jury the victim's actual name and date of birth. *Gov't's Mem.* at 1. The Court is skeptical. If true, in every case where minor victims testify, the victims would be compelled to publicly testify under their real names and publicly confirm their dates of birth. But this is not the typical practice with minor victims in federal court.

Moreover, the Government's argument misses the point. The issue here is not whether the Government had to present the jury with evidence of the victim's real name and date of birth, but how that evidence was presented. Here, the victim testified without restriction in open court using her real name. If the Government had brought this reasoning to the Court before trial, the Court would have explained to the victim that it was not necessary for her to reveal her identity in open court and would have explored other means of protecting the victim's public identity. One obvious means was used by the district courts in *Anderson* and *Weber*, namely publicly using only the first name of the victims. Another is to allow the victim to testify under a pseudonym. The jury's need to confirm that the victim who is testifying is the same victim of exploitation and a child at the time of the exploitation could be easily resolved by a sealed stipulation containing the victim's age and real name available only to the jury.

11

Nevertheless, confronted with a post-trial request for confidentiality, the Court strikes that balance in favor of the victim. *See Doe v. Trs. of Dartmouth Coll.*, No. 18-cv-690-JD, 2018 U.S. Dist. LEXIS 189050, *2-5 (D. Mass. Nov. 2, 2018) (discussing multifactor tests used in the Second, Third, and Fourth Circuits). Even though the Government has not explained why the victim wishes the transcripts redacted, it is not difficult to surmise, given the nature of the videos and her testimony, that the victim is concerned that the revelation of her name in publicly docketed transcripts could lead to harassment or embarrassment. It is one thing for victims to reveal their identities to a limited number of people in a courtroom; it is another to do so to an unknowable number of strangers through electronic docket access. Nor is the Court aware of any authority that a victim's waiver of the right of confidentiality must be all or nothing. The Court does not know why victims may not elect to make partial waivers, waiving their rights of confidentiality for purposes of trial testimony only but not for other purposes. Furthermore, if there is a legitimate public interest in publicly revealing the victim's name on the docket of this case, the Court does not know what it is, and it appears weak at best. In sum, applying the balancing analysis, the Court strikes the balance in favor of the victim and grants the motion to redact.

Finally, the Court strongly suspects that it would have arrived at the same conclusion had the Government presented the redaction issue to the Court for resolution before trial.

12

## IV. CONCLUSION

The Court GRANTS the Government's Amended Motion to Redact Minor Victim's Name in Trial Transcripts (ECF No. 214).

SO ORDERED.

                                               /s/ John A. Woodcock, Jr.
                                               JOHN A. WOODCOCK, JR.
                                               UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2023