UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00187-JAW |
| | ) | |
| | ) | |
| RAYEVON DESCHAMBAULT | ) | |

**ORDER ON DEFENDANT'S MOTION FOR ACQUITTAL**

This case revolves around the sexual exploitation of a minor through the production of sexually explicit videos. After a two-day jury trial ending in a guilty verdict, the defendant brings a motion for acquittal arguing that no rational jury could find that filming the sexually explicit videos was a significant purpose of his engaging in sexual activity with the victim. The Court denies the defendant's motion because it concludes that a rational factfinder could have found beyond a reasonable doubt that a significant purpose of the defendant in engaging in sexual activity with the victim was to film the sexually explicit videos.

## I.    BACKGROUND

### A.    Procedural History

On October 11, 2019, a federal grand jury indicted Rayevon Deschambault with two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). No. 2:19-cr-00187-JAW, *Indictment* (ECF No. 1). On February 21, 2020, Mr. Deschambault filed three motions to suppress; the last motion to suppress included

a request for a *Franks*[1] hearing.  *Mot. to Suppress* (ECF No. 40); *Mot. to Suppress II* (ECF No. 41); *Mot. to Suppress and Req. for Franks Hr'g* (ECF No. 42).    The Government filed a consolidated response to these motions on April 27, 2020.  *Gov't's Resp. to Def.'s Mots. to Suppress and Req. for a Franks Hr'g* (ECF No. 49).   Mr. Deschambault filed replies on May 11, 2020.  *Reply Re: Mot. to Suppress* (ECF No. 51); *Reply Re: Mot. to Suppress and Req. for Franks Hr'g* (ECF No. 52).

On September 21, 2020, the Court denied Mr. Deschambault's three motions to suppress without holding an evidentiary or *Franks* hearing.  *Order on Mot. for Franks Hr'g and Mots. to Suppress* (ECF No. 60) (*First Order on Mots. to Suppress*). On September 29, 2020, Mr. Deschambault moved for reconsideration of the Court's order denying his motions to suppress.  *Resp. to Ct. Order on Def.'s Mots. to Suppress* (ECF No. 62).   On October 21, 2021, the Court denied Mr. Deschambault's motion for reconsideration of his motions to suppress.  *Order on Mot. for Recons. on Mots. to Suppress* (ECF No. 109).

On September 22, 2021, a grand jury returned a superseding indictment charging Mr. Deschambault with a new count of possession of material containing child pornography in violation of 18 U.S.C. §§ 225A(a)(5)(B), (b)(2) and 18 U.S.C. §2256(8)(A).  *Superseding Indictment* (ECF No. 103).  Also on September 22, 2021, the grand jury returned an indictment in a new drug case, charging Mr. Deschambault with one count of distribution of cocaine base and one count of conspiracy to distribute and possession with intent to distribute cocaine base, in

---

[1]        *Franks v. Delaware*, 438 U.S. 154 (1978).

violation of 18 U.S.C. §§ 841(a)(1) and 846.  No. 2:21-cr-00146-JAW, *Indictment* (ECF No. 1).

On December 3, 2021, Mr. Deschambault filed a motion to dismiss Count Three for vindictive prosecution.  *Mot. to Dismiss Count Three for Vindictive Prosecution and Rule 48(b)* (ECF No. 118).  On January 6, 2022, the Government filed its opposition.  *Gov't's Opp'n to Def.'s Mot. to Dismiss for Vindictive Prosecution* (ECF No. 122).  On February 2, 2022, Mr. Deschambault filed his reply.  *Def.'s Reply to Gov't's Obj. to Mot. to Dismiss Based on Vindictive Prosecution* (ECF No. 127).  On July 25, 2022, the Court dismissed without prejudice Mr. Deschambault's motion to dismiss for vindictive prosecution.  *Order on Pending Mots.* (ECF No. 141).  On December 30, 2022, the Government filed a notice of dismissal, dismissing without prejudice Count Three of the Superseding Indictment.  *Notice of Dismissal* (ECF No. 199).

The case was tried before a jury from January 18, 2023 to January 19, 2023, and on January 19, 2023, the jury issued a verdict against Mr. Deschambault.  *Jury Verdict* (ECF No. 232).  On April 7, 2023, after being granted the requested time extensions, Mr. Deschambault filed a motion for acquittal, *Mot. for J. of Acquittal Pursuant to F.R.Crim.P. 29(c)(1)* (ECF No. 258) (*Def.'s Mot.*), and a motion for new trial.  *Pl.'s Mot. for New Trial* (ECF No. 259).  On May 12, 2023, the Government objected to Mr. Deschambault's motion for acquittal, *Gov't's Response to Def.'s Mot. for Acquittal* (ECF No. 265) (*Gov't's Opp'n*) and to his motion for new trial.  *Gov't's Response to Def.'s Mot. for New Trial* (ECF No. 266).  On June 9, 2023, Mr. Deschambault replied to the Government's opposition to a new trial.  *Reply RE: Mot.*

*for New Trial* (ECF No. 271).   Mr. Deschambault did not file a reply to the Government's response to his motion for acquittal.

## II.   THE PARTIES' POSITIONS

### A.   Rayevon Deschambault's Motion for Acquittal

Mr. Deschambault contends that the Government "failed to produce sufficient evidence to prove [he] violated the second element of U.S.C. section 2251(a) beyond a reasonable doubt" because the "evidence fails to establish any planning or forethought to create a visual depiction or that Defendant acted with any specific intent to create child pornography." *Def.'s Mot.* at 1.

Mr. Deschambault submits that "under the instructions given by the Court at trial there was insufficient evidence produced to establish that a significant motive of the sexual activity between the couple was for the purpose of filming." *Id.* at 2.   He insists that there was insufficient evidence of intent because "[t]he victim testified that filming was never discussed nor planned and that it occurred spontaneously as part of the sexual activity," and he and the victim "had already had sex together, as well as a threesome with Defendant's girlfriend, which also was not filmed." *Id.* (citing *Tr. of Proceedings* at 120-121 (ECF Nos. 249-50) (*Trial Tr.*)).   He further submits that "[t]he evidence also was that there was no dissemination of the videos, nor was there any other illegal material on Defendant's cellphone." *Id.* (citing *Trial Tr.* at 96-97).

Mr. Deschambault relies on *United States v. McCauley*, 983 F. 3d 690 (4th Cir. 2020) and *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) to

support his argument and concludes that the Government "failed to prove beyond a reasonable doubt that [Mr. Deschambault]'s purpose in having sexual relations with the victim was to produce a visual image of child pornography, and therefore a Judgment of Acquittal should be entered in this case." *Id.* at 2-3.

### B.   The Government's Opposition

The Government submits that it "produced sufficient evidence to sustain Defendant's convictions" because the evidence "firmly established and proved that a significant purpose for him engaging in sexual conduct with the victim was to produce the two subject iPhone videos." *Gov't's Opp'n* at 3.  The Government specifically asserts that "the videos showed Defendant instructing and directing the minor victim through a series of sexual acts, spanning many minutes, over the course of two days, all of which he hand-recorded on – and saved to – his iPhone." *Id.* at 2.

The Government contends that "a significant motive for Defendant's sexual activity was to record it on his iPhone, and to do so twice," and "First Circuit case law supports such a finding." *Id.*  The Government insists that "[h]ere, as in *Morales-de Jesus*, 'a reasonable jury also could infer that since [a defendant] taped sexual encounters with the minor *more than once*, he induced the girl to engage in sex acts for the purpose of creating videotapes of their encounters.'" *Id.* at 2-3 (quoting *United States v. Morales-de Jesus*, 372 F.3d 6, 22 (1st Cir. 2004) (emphasis in *Gov't's Opp'n*)).

Finally, the Government concludes that "contrary to Defendant's views, the Fourth Circuit's decisions in *United States v. McCauley*, 983 F.3d 690 (4th Cir. 2020)

and *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) highlight why the evidence in this case was strong as to the required element of purpose." *Id.* at 3.

## III.   LEGAL STANDARD

Federal Rule of Criminal Procedure 29 instructs the Court to enter a judgment of acquittal if "the evidence is insufficient to sustain [the] conviction." FED. R. CRIM. P. 29(a). In making this determination, the Court must "view the evidence and draw all reasonable inferences in the light most favorable to the verdict." *United States v. McGauley*, 279 F.3d 62, 66 (1st Cir. 2002). The Court may not disturb the jury's verdict if "a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime." *United States v. O'Brien*, 14 F.3d 703, 706 (1st Cir. 1994); *United States v. Lipscomb*, 539 F.3d 32, 40 (1st Cir. 2008). The Court must "consider all the evidence, direct and circumstantial, and resolve all evidentiary conflicts in favor of the verdict." *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir. 1997). "[R]aising a plausible theory of innocence does the defendant no good, because the issue is not whether a jury rationally could have acquitted but whether it rationally could have found guilt beyond a reasonable doubt." *United States v. Seng Tan*, 674 F.3d 103, 107 (1st Cir. 2012).

## IV.   DISCUSSION

Mr. Deschambault argues that no reasonable factfinder could determine that the evidence at trial supported the conclusion that a significant purpose of his engaging in sex with the victim was to record the videos because the circumstances

6

of the sexual activity indicated spontaneity rather than the planning he asserts is required to prove purpose under 18 U.S.C. § 2251(a).  The Court concludes, however, that a rational factfinder could find, beyond a reasonable doubt, that the Government met its burden.

The evidence revealed that Mr. Deschambault videorecorded his having oral and vaginal sex with the victim in this case.  Mr. Deschambault makes no claim that he was not the male in the videos, that the female was not a minor (in fact fourteen years old) and a real person when he took the video, that the videos did not depict sexually explicit conduct, or that he did not use equipment shipped in interstate or foreign commerce.  His sole claim is that the jury could not have permissibly found, based on the evidence, that a significant motive for his engaging in sexual activity with the minor was the production of the sexually explicit videos.

In the Court's view, however, there is sufficient evidence to sustain the verdicts on both counts.  This is best seen by quoting the prosecutor's closing argument, describing the evidence supporting the Government's claim that a significant motive for his engaging in sex with the victim was the production of the sexually explicit video:

> You know those recordings were at least a significant purpose of the sexual activity.  For eight minutes the defendant records himself receiving oral sex from (name redacted).  He is the producer.  He is the director.  He orchestrates the positions.  He prompts the dialogue.  He uses his phone to show the girl, her face, her genitalia.  He tells her to sit.  He tells her to stand.  He tells her to look up at him.  He points the camera at her face.  He tells her to put it back in her mouth.  He tells her to come in front of him.  He tells her to lick it.  Lick it, look at me, lick my dick all over.  And at the end he tells her exactly what he wants to see, his ejaculate in her mouth.  He makes sure she understands.  I'm

going to come, show me. Okay. I want to see my nut in your mouth. He doesn't just want to see it for himself, he wants it on video. Let me see, go on. Once it happens, he takes the camera and he points it at her mouth. He captures on video exactly what he wanted; eight minutes of him telling her what to do, eight minutes of direction, eight minutes of positioning, eight minutes of recording. Eight minutes with a girl that just finished middle school. The recording was clearly a significant purpose of this activity.

*Trial Tr.* 211:22-212:19.

The Court distinguishes this case from both *McCauley* and *Palomino-Coronado*—those cited by Mr. Deschambault to support his contention that insufficient evidence was submitted at trial for a rational jury to find that a significant purpose of his engaging in sexual activity with the victim was to produce the videos. In *McCauley*, the Fourth Circuit held that 18 U.S.C. § 2251(a) "does not criminalize a spontaneous decision to create a visual depiction in the middle of sexual activity without some sufficient pause or other evidence to demonstrate that the production of child pornography was at least a significant purpose." 983 F.3d at 696. In its analysis, the Fourth Circuit specifically noted that the defendant did "not instruct [the victim] what to do or say during the video," a single nineteen-second video recording on his iPhone. 983 F.3d at 693. Similarly, in *Palomino-Coronado*, no evidence was offered that the defendant "gave any instruction or direction to [the victim] as part of their sexual encounter that would indicate purpose," and he took "only one photograph." 805 F.3d at 132. Here, on the other hand, the videos entered into evidence show Mr. Deschambault instructing and directing the victim in sexual acts as he guides her both physically and verbally and records her following his commands for more than eight minutes across two videos. *Ex. 3 and 5.*

8

Moreover, in *Morales-de Jesus*, the First Circuit held that "a reasonable jury also could infer that since [a defendant] taped sexual encounters with the [victim] more than once, he induced the girl to engage in sex acts for the purpose of creating videotapes of their encounters." 372 F.3d 6, 22 (1st Cir. 2004). Similarly, here two sexually explicit videos were entered into evidence during trial. *See Ex. 3 and 5*; *Trial Tr.* at 174:5-6 ("And he videotaped the sexual encounters more than once. I think in [*Morales-de Jesus*] it was twice, as it is here).

Viewing the evidence presented at trial in a light most favorable to the verdict, the Court concludes that a rational factfinder could find that a significant purpose of Mr. Deschambault engaging in sexual conduct with the victim was to produce the videos entered into evidence during trial.[2]   In sum, the evidence is sufficient to sustain convictions on Counts One and Two of the Superseding Indictment.

## V.   CONCLUSION

The Court DENIES Mr. Deschambault's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29(c)(1) (ECF No. 258).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2023

---

[2]   As noted, Mr. Deschambault argues there was no evidence he disseminated the videos and no other child pornography on his cellphone. *Def.'s Mot.* at 2. But the sexual exploitation of a minor charge under 18 U.S.C. § 2251(a) does not require dissemination as an element of the offense. *Trial Tr.* at 205:3-10 (listing the elements of the charged offenses). That there is no other child pornography on his cellphone does not negate the child pornography on his cellphone. Mr. Deschambault was free to argue these facts to the jury to demonstrate his motivation in taking the videos, and he did so. *Id.* at 215:2-7. The jury was also free to reject his arguments and did so.